**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| United States of America, | : |
| | : |
| and | : |
| | : |
| State of Missouri, | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| Ameren Corporation, *et al.*, | : |
| | : |
| Defendants. | : |

Civil No. 1:24-cv-00047-MTS
(Consolidated)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# CONSENT DECREE

TABLE OF CONTENTS

I.      BACKGROUND ............................................................................................. 1
II.     JURISDICTION ............................................................................................. 2
III.    PARTIES BOUND .......................................................................................... 2
IV.     DEFINITIONS ................................................................................................ 2
V.      STATEMENT OF PURPOSE ........................................................................ 4
VI.     PAYMENT OF RESPONSE COSTS ............................................................ 5
VII.    FAILURE TO COMPLY WITH CONSENT DECREE ................................ 7
VIII.   COVENANTS BY PLAINTIFFS ................................................................... 8
IX.     RESERVATION OF RIGHTS BY PLAINTIFFS ......................................... 9
X.      COVENANTS BY SETTLING DEFENDANTS AND SETTLING FEDERAL
        AGENCIES .................................................................................................... 10
XI.     EFFECT OF SETTLEMENT/CONTRIBUTION ......................................... 11
XII.    ACCESS TO INFORMATION ..................................................................... 13
XIII.   RETENTION OF RECORDS ........................................................................ 14
XIV.    NOTICES AND SUBMISSIONS ................................................................. 15
XV.     RETENTION OF JURISDICTION ............................................................... 17
XVI.    INTEGRATION/APPENDICES ................................................................... 17
XVII.   LODGING AND OPPORTUNITY FOR PUBLIC COMMENT .................. 17
XVIII.  SIGNATORIES/SERVICE ........................................................................... 17
XIX.    FINAL JUDGMENT ..................................................................................... 18

Appendix A: Map of the Missouri Electric Works Superfund Site

Appendix B: List of Settling Defendants

# I.    BACKGROUND

A.    The United States of America (the "United States"), on behalf of the Administrator of the U.S. Environmental Protection Agency ("EPA"), filed a complaint against the Settling Defendants in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9607, as amended, seeking reimbursement of response costs incurred or to be incurred for response actions taken or to be taken at or in connection with the release or threatened release of hazardous substances at the Missouri Electric Works Superfund Site in Cape Girardeau, Cape Girardeau County, Missouri (the "Site").  The Settling Defendants assert or allege that the Settling Federal Agencies are liable to the Settling Defendants for contribution at the Site under Section 113(f) of CERCLA, 42 U.S.C. § 9613(f).

B.    The State of Missouri, on behalf of the Missouri Department of Natural Resources (collectively, the "State") also filed a complaint against the Settling Defendants and the United States in this Court alleging that Settling Defendants and Settling Federal Agencies are liable to the State under Section 107 of CERCLA, 42 U.S.C. § 9607, and applicable state law.  The State in its complaint seeks reimbursement of its past and future response costs incurred or to be incurred for response actions taken or to be taken at or in connection with the release or threatened release of hazardous substances and other pollutants and contaminants associated with the Site.

C.    In response to the release or threatened release of hazardous substances at or from the Site, EPA and the State have undertaken response actions at the Site pursuant to Section 104 of CERCLA, 42 U.S.C. § 9604, and may undertake additional response actions in the future.

D.    In performing response actions at the Site, EPA and the State have incurred response costs and will incur additional response costs in the future.

E.    The Settling Defendants do not admit any liability arising out of the transactions or occurrences alleged in the complaints or with respect to any facts which may be alleged in connection with the exercise by the United States or the State of any of the Reservations by Plaintiffs set forth in Section IX.  Settling Federal Agencies do not admit any liability arising out of the transactions or occurrences alleged in any counterclaim asserted by Settling Defendants or any claim by the State or with respect to any facts that may be alleged in connection with the exercise by the United States or the State of any of the Reservations by Plaintiffs set forth in Section IX.

F.    On or before November 20, 2023, in anticipation of the Parties potentially entering into this Consent Decree, Settling Defendants and General Star Insurance, on behalf of Settling Defendants, deposited a total of $6,700,000 into an interest-bearing escrow account in a duly chartered bank or trust company that is insured by the Federal Deposit Insurance Corporation (the "Escrow Account").  The escrow agreement provides that such funds will be disbursed in accordance with this Consent Decree; except that in the event this Consent Decree is not entered by the Court, and the time for any appeal of that decision has run, or if the Court's denial of entry is upheld on appeal, the monies placed in escrow, together with accrued interest thereon, shall be returned to General Star Insurance.

1

G.      The United States, the State, and Settling Defendants agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter without further litigation and without any further admission or adjudication of any issue of fact or law is appropriate and will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, with the consent of the Parties to this Decree, it is hereby ORDERED, ADJUDGED, and DECREED:

## II.      JURISDICTION

1.      This Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331, 1345, and 1367, and 42 U.S.C. §§ 9607 and 9613(b), and also has personal jurisdiction over Settling Defendants. Solely for the purposes of this Consent Decree and the underlying complaint, Settling Defendants waive all objections and defenses that they may have to jurisdiction of the Court or to venue in this District. Settling Defendants shall not challenge entry or the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III.      PARTIES BOUND

2.      This Consent Decree is binding upon the United States and the State, and upon Settling Defendants and their heirs, successors, and assigns. Any change in ownership or corporate or other legal status, including, but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendants under this Consent Decree.

3.      Settling Defendants are jointly and severally liable for the payment of the amounts due under this Consent Decree and any other requirements hereunder that apply to them. In the event of the insolvency or other failure of any one or more Settling Defendants to pay the amounts due under this Consent Decree that apply to the Settling Defendants, the remaining Settling Defendants shall pay all such amounts. Notwithstanding the foregoing, the Settling Defendants shall have no liability to the United States or the State to pay any amounts the Settling Federal Agencies are obligated to pay pursuant to this Consent Decree, and the Settling Federal Agencies shall have no liability to the United States or the State to pay any amounts the Settling Defendants are obligated to pay pursuant to this Consent Decree.

## IV.      DEFINITIONS

4.      Unless otherwise expressly provided in this Consent Decree, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

"CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act, as amended, 42 U.S.C. §§ 9601–75.

"Consent Decree" shall mean this Consent Decree and all appendices attached hereto.  In the event of conflict between this Consent Decree and any appendix, this Consent Decree shall control.

"Day" or "day" shall mean a calendar day.  In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal or State holiday, the period shall run until the close of business of the next working day.

"DOD" shall mean the U.S. Department of Defense, as described in 10 U.S.C. § 111.

"DOJ" shall mean the U.S. Department of Justice and its successor departments, agencies, or instrumentalities.

"Effective Date" shall mean the date upon which the approval of this Consent Decree is recorded on the Court's docket.

"EPA" shall mean the U.S. Environmental Protection Agency and any of its successor departments or agencies.

"EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

"Escrow Account" shall mean the interest-bearing escrow account in a duly chartered bank or trust company insured by the Federal Deposit Insurance Corporation into which Settling Defendants and General Star Insurance, on behalf of Settling Defendants, deposited a total of $6,700,000 on or before November 20, 2023, in anticipation of the Parties potentially entering into this Consent Decree.

"Escrow Interest" shall mean interest at the rate specified in the escrow agreement creating the Escrow Account.

"Future Response Costs" means all costs (including direct, indirect, payroll, enforcement costs, contractor, travel, and laboratory costs) that the United States: (a) pays between the Date of Lodging and the Effective Date; and (b) pays after the Effective Date, in connection with the Site.  "Future Response Costs" also includes all Interest accrued after the Date of Lodging on EPA's unreimbursed costs (including Past Response Costs) under section 107(a) of CERCLA.

"Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a).  The applicable rate of interest shall be the rate in effect at the time the interest accrues.  The rate of interest is subject to change on October 1 of each year.  Rates are available online at https://www.epa.gov/superfund/superfund-interest-rates.

"National Contingency Plan" or "NCP" shall mean the National Oil and Hazardous Substances Pollution Contingency Plan promulgated pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, codified at 40 C.F.R. Part 300, and any amendments thereto.

"Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper- or lower-case letter.

3

"Past Response Costs" means all costs (including direct, indirect, payroll, contractor, enforcement costs, travel, and laboratory costs) that the United States paid in connection with the Site through the Date of Lodging, plus all interest on such costs accrued under section 107(a) of CERCLA through such date.

"Parties" shall mean the United States, the State, and the Settling Defendants.

"Plaintiffs" shall mean the United States and the State.

"RCRA" shall mean the Solid Waste Disposal Act, as amended, 42 U.S.C. §§ 6901–6992 (also known as the Resource Conservation and Recovery Act).

"Missouri Electric Works Special Account" shall mean the special account, within the EPA Hazardous Substance Superfund, established for the Site by EPA pursuant to Section 122(b)(3) of CERCLA, 42 U.S.C. § 9622(b)(3).

"Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

"Settling Defendants" shall mean those parties identified in Appendix B.

"Settling Federal Agencies" shall mean the DOD, to include the Department of the Air Force, the Department of the Army, and the Defense Logistics Agency, and their successor departments, agencies, or instrumentalities.

"Site" shall mean the Missouri Electric Works Superfund Site, encompassing approximately 6.4 acres, located adjacent to U.S. Highway 61 (South Kings Highway) in Cape Girardeau, Missouri, as depicted on the map included in Appendix A, including all areas where hazardous substances and other pollutants or contaminants released at the Site have come to be located.

"State" shall mean the State of Missouri and each department, agency, and instrumentality of the State of Missouri, including the Missouri Department of Natural Resources (MDNR) and the Missouri Attorney General's Office.

"State Response Costs" shall mean all costs, including direct and indirect costs, incurred by the State prior to the Date of Lodging or to be incurred by the State on or after the Date of Lodging, in connection with the Site.

"United States" shall mean the United States of America and each department, agency, and instrumentality of the United States, including EPA and Settling Federal Agencies.

## V.    STATEMENT OF PURPOSE

5.    By entering into this Consent Decree, the mutual objective of the Parties is for Settling Defendants and Settling Federal Agencies to pay response costs, which include a premium with respect to Future Response Costs, to resolve their alleged civil liability under federal and Missouri law for the Site under Sections 106 and 107 of CERCLA, 42 U.S.C. §§ 9606 and 9607, and Missouri Hazardous Waste Management Law, §§ 260.350 – 260.550, RSMo, as provided in the Covenants by Plaintiffs in Section VIII, subject to the Reservation of

Rights by Plaintiffs in Section IX.  In addition, it is the mutual intent of the Parties to resolve the claims that have been or could have been asserted against the United States with regard to this Site and resolve all the Settling Federal Agencies' alleged civil liability to the Settling Defendants for the Site under Sections 107(a) and 113(f) of CERCLA, 42 U.S.C. §§ 9607(a) and 9613(f).  It is also the mutual intent of the Parties to effectuate protection from contribution actions or claims for the Settling Defendants and Settling Federal Agencies under Section 113(f)(2) and (f)(3)(B) of CERCLA, 42 U.S.C. § 9631(f)(2) and (f)(3)(B), as provided in Section XI (Effect of Settlement/Contribution).

## VI.    PAYMENT OF RESPONSE COSTS

6.    **Payment of Response Costs by Settling Defendants.**  Within 30 days after the Effective Date, Settling Defendants shall pay $6,700,000, together with accrued Escrow Interest thereon, in accordance with this this Paragraph and Paragraphs 7 and 8:

a.    $6,074,739 to EPA, plus Escrow Interest accrued thereon, in payment of Past Response Costs and Future Response Costs.

b.    $625,261 to the State, plus Escrow Interest accrued thereon, in payment of State Response Costs.

Disbursement of the monies in the Escrow Account, together with accrued Escrow Interest thereon, in accordance with this Paragraph and Paragraphs 7 and 8 shall satisfy the Settling Defendants' obligations under this Paragraph and Paragraphs 7 and 8.

7.    **Method/Form of Payments by Settling Defendants.**

a.    Settling Defendants shall make payment to EPA at https://www.pay.gov in accordance with instructions provided to Settling Defendants by the Financial Litigation Unit ("FLU") of the U.S. Attorney's Office for the Eastern District of Missouri after the Effective Date.  The payment instructions provided by the FLU will include a Consolidated Debt Collection System ("CDCS") Number, which shall be used to identify all payments required to be made in accordance with this Consent Decree.  The Settling Defendants shall timely provide their anticipated date of payment upon request from the FLU.  The FLU will then transmit the payment instructions for the Settling Defendants to:

Ellen Goldman
Executive Director
MEW Site Donor Trust
c/o
Seigfreid Bingham, P.C.
2323 Grand Ave. STE. 1000
Kansas City Mo. 64108
EGoldman@sb-kc.com

With a copy to:

Timothy J. Bergere
Armstrong Teasdale LLP

2005 Market St., 29th Floor
One Commerce Square
Philadelphia, PA 19103
Tel. (267) 780-2024
TBergere@atllp.com

Settling Defendants may change the individual to receive payment instructions on their behalf by providing written notice to DOJ and EPA of such change in accordance with Section XIV (Notices and Submissions).

b.       Settling Defendants shall make payment to the State in the form of an official bank check.  The check shall be made payable to the Missouri Department of Natural Resources and shall reference *United States v. Ameren Corporation et al.*, Civil Action No. _____.  Settling Defendants shall send the check to:

Missouri Department of Natural Resources
Attn: Environmental Remediation Program, Superfund Section
P.O. Box 176
Jefferson City, Missouri 65102-0176

8.       **Notices of Payment.**

a.       At the time of payment to EPA, Settling Defendants shall send notice that payment has been made to both EPA and DOJ in accordance with Section XIV (Notices and Submissions).  Such notice shall reference the CDCS Number, Site/Spill ID Number 076R, and DJ Number 90-11-2-614/4.

b.       At the time of payment to the State, Settling Defendants shall send notice that payment has been made to the State in in accordance with Section XIV (Notices and Submissions).

9.       **Payments by Settling Federal Agencies.**

a.       As soon as reasonably practicable after the Effective Date, the United States, on behalf of Settling Federal Agencies, shall pay:

(1)       To EPA, $600,798 in payment of Past Response Costs and Future Response Costs.

(2)       To the State, $61,839 in payment of State Response Costs. Payment to the State shall be by Automatic Clearing House ("ACH") Electronic Funds Transfer in accordance with instructions provided by the State.

b.       **Interest.**  If any payment required by Paragraph 9.a is not made within 120 days after the Effective Date, the United States, on behalf of Settling Federal Agencies, shall pay Interest on the unpaid balance, with such Interest commencing on the 121st day after the Effective Date and accruing through the date of the payment.

c.       The Parties to this Consent Decree recognize and acknowledge that the payment obligations of Settling Federal Agencies under this Consent Decree can only be paid from appropriated funds legally available for such purpose.  Nothing in this Consent Decree shall

be interpreted or construed as a commitment or requirement that any Settling Federal Agency obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

10.    **Deposit of Payments.**  The total amount to be paid to EPA pursuant to Paragraphs 6 and 9 shall be deposited by EPA in the Missouri Electric Works Special Account to be retained and used to conduct or finance response actions at or in connection with the Site, or to be transferred by EPA to the EPA Hazardous Substance Superfund.

## VII.    FAILURE TO COMPLY WITH CONSENT DECREE

11.    **Interest on Late Payments.**  If Settling Defendants fail to make the payments required by Paragraph 6 (Payment of Response Costs by Settling Defendants) by the required due date, Interest shall continue to accrue on the unpaid balance through the date of payment.

12.    **Stipulated Penalty for Late Payments.**

a.    If any amounts due to EPA or the State under Paragraph 6 (Payment of Response Costs by Settling Defendants) are not paid by the required date, Settling Defendants shall be in violation of this Consent Decree and shall pay, as a stipulated penalty, in addition to the Interest required by Paragraph 11 (Interest on Late Payments):

| Penalty Per Violation Per Day | Period of Noncompliance |
|---|---|
| $500 | 1st through 14th day |
| $1,000 | 15th through 30th day |
| $2,000 | 31st through 60th day |
| $4,000 | 61st day and beyond |

b.    Stipulated penalties are due and payable within 30 days after the date of the demand for payment of the penalties by EPA or the State.  Settling Defendants shall make all payments to EPA at https://www.pay.gov in accordance with the procedures under Paragraph 7 (Method/Form of Payments by Settling Defendants) and send notice of this payment to the United States and State in accordance with Paragraph 8 (Notices of Payment).  Settling Defendants shall indicate in the comment field on the https://www.pay.gov payment form that the payment is for stipulated penalties.

All payments to the State under this Paragraph shall be identified as "stipulated penalties" and shall also be made in accordance with the procedures under Paragraph 7.

c.    Penalties shall accrue as provided in this Paragraph regardless of whether EPA or the State has notified Settling Defendants of the violation or made a demand for payment but need only be paid upon demand.  All penalties shall begin to accrue on the day after the payment is due and shall continue to accrue through the date of payment; provided that, if the Settling Defendants have timely provided the FLU with the anticipated date of payment (upon request by the FLU) and the FLU has not provided payment instructions in accordance with Paragraph 7 before the 30th Day after the Effective Date, penalties shall not accrue until ten (10) days after the FLU provides payment instructions to the Settling Defendants.

13.    Except with respect to actions against individual Settling Defendants under Section XIII (Retention of Records) and Paragraph 36, if the United States or the State brings an action to enforce this Consent Decree against the Settling Defendants, the Settling Defendants shall reimburse the United States and the State for all costs of such action, including but not limited to costs of attorney time.

14.    Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiffs by virtue of Settling Defendants' failure to comply with the requirements of this Consent Decree.

15.    The obligations of Settling Defendants to pay amounts owed the United States and the State under Paragraphs 6, 11, 12, and 13 (except as otherwise specified therein) of this Consent Decree are joint and several.  In the event of the insolvency of any Settling Defendant or the failure by any Settling Defendant to make the payments required under this Consent Decree, the remaining Settling Defendants shall be responsible for such payments.

16.    Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree.  Payment of stipulated penalties shall not excuse Settling Defendants from payment as required by Section VI (Payment of Response Costs) or from performance of any other requirements of this Consent Decree.

## VIII.   COVENANTS BY PLAINTIFFS

17.    **Covenants for Settling Defendants by the United States and the State.**  Except as specifically provided in Section IX (Reservation of Rights by Plaintiffs), the United States and the State covenant not to sue or to take administrative action against Settling Defendants pursuant to Sections 106 and 107(a) of CERCLA, 42 U.S.C. §§ 9606 and 9607(a), and, with respect to the State, the Missouri Hazardous Waste Management Law, §§ 260.350 – 260.550, RSMo, with regard to the Site.  With respect to present liability, these covenants shall take effect upon the Effective Date.  With respect to future liability, these covenants shall take effect upon completion of all remedial action at the Site. Remedial action shall be considered complete when EPA issues the Final Close-Out Report for the Site.  These covenants are conditioned upon the satisfactory performance by Settling Defendants of their obligations under this Consent Decree, including but not limited to, payment of all amounts due under Section VI (Payment of Response Costs), and any additional Interest or stipulated penalties due thereon under Section VII (Failure to Comply with Consent Decree).  These covenants extend only to Settling Defendants and their successors and assigns, but only to the extent that the alleged liability of a successor or assign is based on its status and in its capacity as a successor or assign of a Settling Defendant, and not to the extent that the alleged liability arose independently of the alleged liability of any Settling Defendant, and do not extend to any other person.

18.    **Covenants for Settling Federal Agencies by EPA.**  Except as specifically provided in Section IX (Reservation of Rights by Plaintiffs), EPA covenants not to take administrative action against Settling Federal Agencies pursuant to Sections 106 and 107(a) of CERCLA, 42 U.S.C. §§ 9606 and 9607(a), with regard to the Site.  With respect to present liability, this covenant shall take effect upon the Effective Date.  With respect to future liability, this covenant shall take effect upon completion of all remedial action at the Site.  Remedial action shall be considered complete when EPA issues the Final Close-Out Report for the Site.

This covenant is conditioned upon the satisfactory performance by Settling Federal Agencies of their obligations under this Consent Decree. This covenant extends only to Settling Federal Agencies and does not extend to any other person.

19.     **Covenant for Settling Federal Agencies by the State.** Except as specifically provided in Section IX (Reservation of Rights by Plaintiffs), the State covenants not to sue or take administrative action against Settling Federal Agencies pursuant to the Hazardous Waste Management Law, §§ 260.350 – 260.550, RSMo, with regard to the Site. With respect to present liability, this covenant shall take effect upon the Effective Date. With respect to future liability, this covenant shall take effect upon completion of all remedial action at the Site. Remedial action shall be considered complete when EPA issues the Final Close-Out Report for the Site. This covenant is conditioned upon the satisfactory performance by Settling Federal Agencies of their obligations under this Consent Decree. This covenant extends only to Settling Federal Agencies and does not extend to any other person.

## IX.     RESERVATION OF RIGHTS BY PLAINTIFFS

**20.     United States' and State's Pre-Closeout Reservations.**

a.     Notwithstanding any other provision of this Consent Decree, the United States and the State reserve, and this Consent Decree is without prejudice to, the right to issue an administrative order or to institute proceedings in this action or in a new action seeking to compel Settling Defendants, and EPA and MDNR reserve the right to issue an administrative order seeking to compel the Settling Federal Agencies, to perform response actions relating to the Site, to pay the United States and the State for additional costs of response, or any combination thereof. The United States and the State may exercise this reservation only if, (a) prior to issuance of the Final Close-Out Report, (1) conditions at the Site, previously unknown to EPA, are discovered, or (2) information, previously unknown to EPA, is received, in whole or in part, and (b) EPA determines that these previously unknown conditions or this information together with other relevant information indicate that the Remedial Action is not protective of human health or the environment.

**21.**     Prior to the issuance of the Final Close-Out Report, the information and the conditions known to EPA shall include only that information and those conditions known to EPA as of the date that the Record of Decision ("ROD") for Operable Unit 3 was signed and as set forth in the RODs for Operable Units 1, 2 and 3; the administrative records supporting the RODs for Operable Units 1, 2 and 3; existing post-ROD decision documents; or the post-ROD administrative records for such post-ROD decision documents.

**22.     United States' Post-Closeout Reservations.**

a.     Notwithstanding any other provision of this Consent Decree, the United States and the State reserve, and this Consent Decree is without prejudice to, the right to issue an administrative order or to institute proceedings in this action or in a new action seeking to compel Settling Defendants, and EPA and MDNR reserve the right to issue an administrative order seeking to compel the Settling Federal Agencies, to perform response actions relating to the Site, to pay the United States and the State for additional costs of response, or any combination thereof. The United States and the State may exercise this reservation only if, (a) subsequent to issuance of the Final Close-Out Report, (1) conditions at the Site, previously

unknown to EPA, are discovered, (2) information, previously unknown to EPA is received, in whole or in part, and (b) EPA determines that these previously unknown conditions or this information together with other relevant information indicate that the Remedial Action is not protective of human health or the environment.

      b.    After issuance of the Final Close-Out Report, the information and the conditions known to EPA shall include only that information and those conditions known to EPA as of the date of the Final Close-Out Report and set forth in the RODs for Operable Units 1, 2, and 3; the administrative records supporting the RODs for Operable Units 1, 2, and 3; post-ROD decision documents existing as of the date of the Final Close-Out Report; the post-ROD administrative records for Operable Units 1, 2, and 3; or in any information received by EPA pursuant to the requirements of this CD prior to the issuance of the Final Close-Out Report.

    23.    **General Reservations.**  Notwithstanding any other provision of this Consent Decree, the United States and the State reserve, and this Consent Decree is without prejudice to, all rights against Settling Defendants, and EPA and the State and federal natural resource trustees reserve, and this Consent Decree is without prejudice to, all rights against Settling Federal Agencies, with respect to:

      a.    liability for failure of Settling Defendants or Settling Federal Agencies to meet a requirement of this Consent Decree;

      b.    criminal liability;

      c.    liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

      d.    liability based on the ownership or operation of the Site by Settling Defendants or Settling Federal Agencies when such ownership or operation commences after signature of this Consent Decree by Settling Defendants or Settling Federal Agencies;

      e.    liability based on Settling Defendants' or Settling Federal Agencies' transportation, treatment, storage, or disposal, or arrangement for transportation, treatment, storage, or disposal of a hazardous substance or a solid waste at or in connection with the Site, after signature of this Consent Decree by Settling Defendants or Settling Federal Agencies; and

      f.    liability arising from the past, present, or future disposal, release, or threat of release of a hazardous substance, pollutant, or contaminant outside of the Site.

    24.    **Final Close-Out Report.**  As soon as reasonably practicable after performance standards have been attained, EPA will issue a Final Close-Out Report for the Site, which will confirm in writing that the Remedial Action has been performed fully.  This report shall constitute the Final Close-Out Report for purposes of Paragraphs 17, 18, 19, 20, 21, and 22 above.

## X.    COVENANTS BY SETTLING DEFENDANTS AND SETTLING FEDERAL AGENCIES

    25.    **Covenants by Settling Defendants.**  Settling Defendants covenant not to sue and agree not to assert any claims or causes of action against the United States or the State, or their

contractors or employees, with respect to the Site and this Consent Decree, including but not limited to:

        a.    any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

        b.    any claim arising out of response actions at or in connection with the Site, including any claim under the United States Constitution; the Missouri Constitution; the Tucker Act, 28 U.S.C. § 1491; the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended; or at common law; or

        c.    any claim pursuant to Sections 107 or 113 of CERCLA, 42 U.S.C. §§ 9607 or 9613; Section 7002(a) of RCRA, 42 U.S.C. § 6972(a); or state law, relating to the Site.

26.    **Covenants by Settling Federal Agencies.**  Settling Federal Agencies agree not to assert any direct or indirect claim for reimbursement from the EPA Hazardous Substance Superfund through Sections §§ 106(b)(2), 107, 111, 112, and 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, and 9613, or any other provision of law with respect to the Site and this Consent Decree.  These covenants do not preclude demand for reimbursement from the Superfund of costs incurred by a Settling Federal Agency in the performance of its duties (other than pursuant to this Consent Decree) as lead or support agency under the NCP.

27.    Except as provided in Paragraph 29 (Claims Against Other PRPs) and Paragraph 34 (*Res Judicata* and Other Defenses), the covenants in this Section shall not apply in the event the United States or the State brings a cause of action or issues an order or directive pursuant to any of the reservations set forth in Section IX (Reservation of Rights by Plaintiffs), other than in Paragraph 23.a (liability for failure to meet a requirement of the Consent Decree) or 23.b (criminal liability), but only to the extent that Settling Defendants' claims arise from the same response action or response costs that the United States or the State is seeking pursuant to the applicable reservation.

28.    Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. § 300.700(d).

29.    **Claims Against Other PRPs.**  Each Settling Defendant agrees not to assert any claims and to waive all claims or causes of action (including but not limited to claims or causes of action under Sections 107(a) and 113 of CERCLA, 42 U.S.C. §§ 9607(a) and 9613) that it may have for response costs relating to the Site against each other.  This waiver shall not apply with respect to any defense, claim, or cause of action that a Settling Defendant may have against any person if such person asserts a claim or cause of action relating to the Site against such Settling Defendant.  Nothing in this Paragraph 29 shall waive or compromise any specific contractual rights or undertakings between or among the Settling Defendants.

## XI.    EFFECT OF SETTLEMENT/CONTRIBUTION

30.    Except as provided in Paragraph 29 (Claims Against Other PRPs), nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any

person not a Party to this Consent Decree.  Except as provided in Section X (Covenants by Settling Defendants and Settling Federal Agencies), each of the Parties expressly reserves any and all rights (including, but not limited to, under Section 113 of CERCLA, 42 U.S.C. § 9613), defenses, claims, demands, and causes of action that it may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto. Nothing in this Consent Decree diminishes the right of the United States or the State, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2) and (3) or state law, to pursue any such persons to obtain additional response costs or response action and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2) of CERCLA.

31.     The Parties agree, and by entering this Consent Decree this Court finds, that this settlement constitutes a judicially-approved settlement pursuant to which each Settling Defendant and each Settling Federal Agency has, as of the Effective Date, resolved its liability to the United States and the State within the meaning of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and each Settling Defendant and Settling Federal Agency is entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, or as may be otherwise provided by law, for the "matters addressed" in this Consent Decree.  The "matters addressed" in this Consent Decree are all response actions taken or to be taken and all response costs incurred or to be incurred, at or in connection with the Site, by the United States or any other person; provided, however, that, if the United States exercises rights under the reservations in Section IX (Reservation of Rights by Plaintiffs), other than in Paragraphs 23.a (liability for failure to meet a requirement of Consent Decree) or 23.b (criminal liability), the "matters addressed" in this Consent Decree will no longer include those response costs or response actions that are within the scope of the exercised reservation.

32.     The Parties further agree, and by entering this Consent Decree this Court finds, that the complaint filed by the United States in this action is a civil action within the meaning of Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), and that this Consent Decree constitutes a judicially-approved settlement pursuant to which each Settling Defendant and each Settling Federal Agency has, as of the Effective Date, resolved liability to the United States within the meaning of Section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9613(f)(3)(B).

33.     Each Settling Defendant shall, with respect to any suit or claim brought by it for matters related to this Consent Decree, notify EPA, DOJ, and the State in writing no later than 60 days prior to the initiation of such suit or claim.  Each Settling Defendant also shall, with respect to any suit or claim brought against it for matters related to this Consent Decree, notify EPA, DOJ, and the State in writing within 30 days after service of the complaint or claim upon it.  In addition, each Settling Defendant shall notify EPA, DOJ, and the State within 15 days after service or receipt of any Motion for Summary Judgment, and within 15 days after receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

34.     ***Res Judicata* and Other Defenses.**  In any subsequent administrative or judicial proceeding initiated by the United States or the State for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendants and, with respect to a State action, Settling Federal Agencies, shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States or the State in the subsequent proceeding were or should have been brought in the instant case;

provided, however, that nothing in this Paragraph affects the enforceability of the Covenants by Plaintiffs set forth in Section VIII (Covenants by Plaintiffs), including the Settling Defendants' right to assert that the claims raised by the United States or State in such subsequent proceeding are within the scope of the Covenants by Plaintiffs set forth in Section VIII and do not fall within the scope of any Reservation of Rights by Plaintiffs set forth in Section IX.

35.    **Effect on Prior Order.**  Upon the Effective Date of this Consent Decree Settling Defendants' obligations under the Administrative Settlement and Order on Consent, Docket No. CERCLA 07-2016-0018 ("OU3 RI/FS ASAOC") are deemed satisfied and all actions have been fully performed in accordance with the terms of the RI/FS ASAOC. This Paragraph shall serve as EPA's written Notice of Completion to Settling Defendants, in accordance with the terms of the OU3 RI/FS ASAOC.

## XII.    ACCESS TO INFORMATION

36.    Each Settling Defendant shall provide to EPA and the State, upon request, copies of all records, reports, documents, and other information (including records, reports, documents and other information in electronic form) (hereinafter referred to as "Records") then within its possession or control, or that of its contractors or agents, relating to activities at the Site or to the implementation of this Consent Decree, including, but not limited to, sampling, analysis, chain of custody records, manifests, trucking logs, receipts, reports, sample traffic routing, correspondence, or other documents or information regarding the Site.

37.    **Privileged and Protected Claims.**

a.    Settling Defendants may assert that all or part of a Record is privileged or protected as provided under federal law, provided it complies with Paragraph 37.b, and except as provided in Paragraph 37.c.

b.    If Settling Defendants assert a claim of privilege or protection, they shall provide Plaintiffs with the following information regarding such Record: its title; its date; the name, title, affiliation (e.g., company or firm), and address of the author, each addressee, and of each recipient; a description of the Record's contents; and the privilege or protection asserted.  If a claim of privilege or protection applies only to a portion of a Record, Settling Defendants shall provide the Record to Plaintiffs in redacted form to mask the privileged or protected information only.  Settling Defendants shall retain all Records that they claim to be privileged or protected until the United States has had a reasonable opportunity to dispute the privilege or protection claim and any such dispute has been resolved in Settling Defendants' favor.

c.    Settling Defendants may make no claim of privilege or protection regarding:

(1)    data regarding the Site, including but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, radiological, or engineering data, or the portion of any other Record that evidences conditions at or around the Site; or

(2)    the portion of any Record that Settling Defendants are required to create or generate pursuant to this Consent Decree.

38.     **Business Confidential Claims.**  Settling Defendants may assert that all or part of a Record submitted to Plaintiffs under this Section or Section XIII (Retention of Records) is business confidential to the extent permitted by and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. 2.203(b).  Settling Defendants shall segregate and clearly identify all Records or parts thereof submitted under this Consent Decree for which Settling Defendants assert a business confidentiality claim.  Records that Settling Defendants claim to be confidential business information will be accorded the protection specified in 40 C.F.R. Part 2, Subpart B.  If no claim of confidentiality accompanies Records when they are submitted to EPA and the State, or if EPA has notified Settling Defendants that the Records are not confidential under the standards of Section 104(e)(7) of CERCLA or 40 C.F.R. Part 2 Subpart B, the public may be given access to such Records without further notice to Settling Defendants.

39.     Notwithstanding any provision of this Consent Decree, the United States and the State retain all of their information gathering and inspection authorities and rights, including enforcement actions related thereto, under CERCLA, RCRA, and any other applicable statutes or regulations.

## XIII.   RETENTION OF RECORDS

40.     Until three (3) years after the Effective Date, each Settling Defendant shall preserve and retain all non-identical copies of Records now in its possession or control, or that come into its possession or control, that relate in any manner to its liability under CERCLA with respect to the Site, provided, however, that, if a Settling Defendant is potentially liable as owner or operator of the Site, that Settling Defendant must retain, in addition, all Records that relate to the liability of any other person under CERCLA with respect to the Site, for a period of ten (10) years from the Effective Date.  Each of the above record retention requirements shall apply regardless of any corporate retention policy to the contrary.

41.     After the conclusion of the record retention period, Settling Defendants shall notify EPA, DOJ, and the State at least 90 days prior to the destruction of any such Records, and, upon request by EPA, DOJ, or the State, except as provided in Paragraph 37 (Privileged and Protected Claims), Settling Defendants shall deliver any such Records to EPA or the State.

42.     Each Settling Defendant certifies that, to the best of its knowledge and belief, after reasonable inquiry, since January 1, 2020, it has:

a.     not altered, mutilated, discarded, destroyed, or otherwise disposed of any Records (other than identical copies) relating to its potential liability regarding the Site since notification of potential liability by the United States or the State, and that it has fully complied with any and all EPA and State requests for information regarding the Site and each Settling Defendant's financial circumstances, including but not limited to insurance and indemnity information, pursuant to Sections 104(e) and 122(e)(3)(B) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e)(3)(B); Section 3007 of RCRA, 42 U.S.C. § 6927; and state law; and

b.     fully disclosed any information regarding the existence of any insurance policies or indemnity agreements that may cover claims relating to cleanup of the Site, and submitted to EPA upon request such insurance policies, indemnity agreements, and information.

43.    The United States acknowledges that each Settling Federal Agency: (a) is subject to all applicable federal record retention laws, regulations, and policies; and (b) has certified that it has fully complied with any and all EPA and State requests for information regarding the Site under Sections 104(e) and 122(e)(3)(B) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e)(3)(B); Section 3007 of RCRA, 42 U.S.C. § 6927; and state law.

## XIV.   NOTICES AND SUBMISSIONS

44.    Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, with a preference for email, unless those individuals or their successors give notice of a change to the other Parties in writing.  Except as otherwise provided, notice to a Party by email (if that option is provided below) or by regular mail in accordance with this Section satisfies any notice requirement of the Consent Decree regarding such Party.

**As to DOJ by email:**          eescasemanagement.enrd@usdoj.gov
                                 MailProcessing_EDS.ENRD@usdoj.gov


**As to DOJ by regular mail:**   EES Case Management Unit
                                 U.S. Department of Justice
                                 Environment and Natural Resources Division
                                 P.O. Box 7611
                                 Washington, D.C. 20044-7611
                                 Re: DJ # 90-11-2-614/4

                                 Chief
                                 U.S. Department of Justice
                                 Environment and Natural Resources Division
                                 Environmental Defense Section
                                 P.O. Box 7611
                                 Washington, D.C. 20044-7611
                                 Re: DJ # 90-11-2-614/4

**As to EPA:**                   Katie Gulley, Attorney-Adviser
                                 RE: Missouri Electric Works Superfund Site
                                 U.S. Environmental Protection Agency, Region 7
                                 11201 Renner Blvd.
                                 Lenexa, Kansas 66219
                                 gulley.katherine@epa.gov
                                 (913) 551-7880

                                 Hoai Tran
                                 Remedial Project Manager
                                 RE: Missouri Electric Works Superfund Site
                                 Superfund Division
                                 U.S. Environmental Protection Agency, Region 7
                                 11201 Renner Blvd.
                                 Lenexa, Kansas 66219

|  | tran.hoai@epa.gov |
|---|---|
|  | (913) 551-7330 |

|  |  |
|---|---|
| **As to the State:** | Missouri Department of Natural Resources |
|  | Environmental Remediation Program |
|  | Superfund Section |
|  | P.O. Box 176 |
|  | Jefferson City, MO 65102-0176 |
|  |  |
|  | Nicolas Graddy |
|  | Remedial Project Manager |
|  | RE: Missouri Electric Works Superfund Site |
|  | Missouri Department of Natural Resources |
|  | Environmental Remediation Program |
|  | Superfund Section |
|  | P.O. Box 176 |
|  | Jefferson City, MO 65102-0176 |
|  | Nicolas.Graddy@dnr.mo.gov |
|  | (573)751-3026 |
|  |  |
|  | Missouri Attorney General's Office |
|  | Governmental Affairs Section |
|  | P.O. Box 899 |
|  | Jefferson City, MO 65102 |

|  |  |
|---|---|
| **As to Settling Defendants:** | Ellen Goldman |
|  | Executive Director |
|  | MEW Site Donor Trust |
|  | c/o |
|  | Seigfreid Bingham, P.C. |
|  | 2323 Grand Ave. STE. 1000 |
|  | Kansas City Mo. 64108 |
|  | EGoldman@sb-kc.com |
|  |  |
|  | With copies to: |
|  |  |
|  | Timothy J. Bergere |
|  | Armstrong Teasdale LLP |
|  | 2005 Market St., 29th Floor |
|  | One Commerce Square |
|  | Philadelphia, PA 19103 |
|  | Tel. (267) 780-2024 |
|  | TBergere@atllp.com |
|  |  |
|  | Cara Duffield |
|  | Lavin Rindner Duffield LLC |

16

1717 K Street NW
Washington, DC 20006
(202) 759-1140
cduffield@lrd.law

Hume Ross
Wiley Rein LLP
2050 M Street NW
Washington DC 20036
(202) 719-7000
hross@wiley.law

## XV.    RETENTION OF JURISDICTION

45.    This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XVI.   INTEGRATION/APPENDICES

46.    This Consent Decree and its appendices constitute the final, complete, and exclusive agreement and understanding between the Parties with respect to the settlement embodied in this Consent Decree.  The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree.  The following appendices are attached to and incorporated into this Consent Decree:

"Appendix A" is the Map of the Missouri Electric Works Superfund Site.

"Appendix B" is the List of Settling Defendants.

## XVII.  LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

47.    This Consent Decree shall be lodged with the Court for a period of at least 30 days for public notice and comment.  The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations that indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendants consent to the entry of this Consent Decree without further notice.

48.    If for any reason this Court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the sole discretion of any Party and the terms of the Consent Decree may not be used as evidence in any litigation between the Parties.

## XVIII.  SIGNATORIES/SERVICE

49.    Each undersigned representative of Settling Defendants, the Assistant Attorney General for the Environment and Natural Resources Division, and the Assistant Attorney General for the State certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

17

50.     Settling Defendants agree not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendants in writing that it no longer supports entry of the Consent Decree.

51.     Settling Defendants shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by electronic mail on behalf of each Settling Defendant with respect to all matters arising under or relating to this Consent Decree.  Settling Defendants agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.

### XIX.    FINAL JUDGMENT

52.     Upon entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between and among the United States, the State, and the Settling Defendants.  The Court enters this judgment under Rule 58 of the Federal Rules of Civil Procedure.

So **ORDERED** this 30th day of April 2024.

Matthew T. Schelp
United States District Judge

Signature Page for Consent Decree Regarding Missouri Electric Works Superfund Site

**FOR THE UNITED STATES OF AMERICA:**

Dated: 03/11/2024

Todd S. Kim
Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044-7611

Eric D. Albert
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Washington, D.C. 20044-7611

Daniel Pinkston
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044-7611

Signature Page for Consent Decree Regarding Missouri Electric Works Superfund Site

MEGHAN MCCOLLISTER
Digitally signed by MEGHAN MCCOLLISTER
Date: 2024.03.05 15:29:59 -06'00'

_____
Dated

Meghan A. McCollister
Regional Administrator, Region 7
U.S. Environmental Protection Agency
11201 Renner Boulevard
Lenexa, Kansas 66219

Gulley, Katherine
Digitally signed by Gulley, Katherine
Date: 2024.03.01 09:46:07 -06'00'

Katherine E. Gulley
Attorney-Adviser, Region 7
U.S. Environmental Protection Agency
11201 Renner Boulevard
Lenexa, Kansas 66219

Signature Page for Consent Decree Regarding Missouri Electric Works Superfund Site

**FOR THE STATE OF MISSOURI:**

_11/03/2023_
Dated

Andrew Bailey
Attorney General

Timothy Duggan
Assistant Attorney General
P.O. Box 899
Jefferson City, MO 65102-0899

_11/03/2023_
Dated

Kyra Moore, Director
Division of Environmental Quality
Missouri Department of Natural Resources
P.O. Box 176
Jefferson City, MO 65102

21

Signature Page for Consent Decree Regarding Missouri Electric Works Superfund Site

**FOR AMEREN CORPORATION, AS SUCCESSOR TO UNION ELECTRIC COMPANY AND CENTRAL ILLINOIS PUBLIC SERVICE COMPANY:**

11/21/23
Date

Ajay K. Arora
Senior Vice President,
Chief Renewable Development Officer
Ameren Corporation
1901 Chouteau Ave.
St. Louis, MO 63166-6149
aarora@ameren.com

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print):  _Susan B. Knowles_____
Title:        _Director & Assistant General Counsel__
Company:      _Ameren Corporation_____
Address:      _1901 Chouteau Avenue_____
              _St. Louis, MO 63166-6149_____
Phone:        _314-554-4147_____
email:        _sknowles@ameren.com_____

Signature Page for Consent Decree Regarding Missouri Electric Works Superfund Site

**FOR BARRY ELECTRIC CO-OP:**

9/1/23
Date

David Cupps
Board President
Barry Electric Cooperative
4015 Main St.
Cassville, MO 65625
decupps@barryelectric.com

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): Jennifer McBroom
Title:        CEO
Company:      Barry Electric Cooperative
Address:      4015 Main Street
              Cassville, MO 65625
Phone:        417-671-0909
email:        jmcbroom@barryelectric.com

Signature Page for Consent Decree Regarding Missouri Electric Works Superfund Site

## FOR BARTON CO. ELECTRIC:

9/5/2023
Date

Jeff Hull
Chief Executive Officer
Barton Co. Electric
91 West US-160
Lamar, MO 64759
jhull@bartonelectric.com

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): JEFF HULL
Title: CEO
Company: BARTON COUNTY ELECTRIC
Address: 91 WEST US-160
LAMAR, MO 64759
Phone: 417-681-5009 DESK
email: jhull@bartonelectric.com

Signature Page for Consent Decree Regarding Missouri Electric Works Superfund Site

**FOR:**  Chevron Environmental Management Company, for itself and as Attorney-in-Fact for Chevron U.S.A. Inc., successor to Chevron Chemical Company

October 25, 2023
Date

Name:  Valerie B. Villaraza
Position: Assistant Secretary
Address: 6001 Bollinger Canyon Rd., San Ramon, CA 94583
Email: N/A

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name:        Michelle Bacon
Title:        Senior Counsel, Chevron Law Department
Company:    Chevron Environmental Management Company
Address:    6001 Bollinger Canyon Road
            San Ramon, CA 94583
Phone:      925 842 8807
email:      michellebacon@chevron.com

With a copy to:

Name:        Nick Longo
Title:        Risk Management Specialist
Company:    Chevron Environmental Management Company
Address:    1500 Louisiana
            Houston, Texas 77002
Phone:      832-854-5711
email:      Nick.Longo@chevron.com

Name:        Lindsey Moorhead
Title:        Counsel for Chevron Environmental Management Company
Company:    Jackson Walker
Address:    1401 McKinney, Suite 1900
            Houston, TX 77010
Phone:      713-752-4465
email:      lmoorhead@jw.com

Signature Page for Consent Decree Regarding Missouri Electric Works Superfund Site

**FOR:**  Chevron Environmental Management Company, for itself and as Attorney-in-Fact for Chevron Mining Inc., successor to The Pittsburg & Midway Coal Mining Co.

October 25, 2023
Date

Name: Harpreet K. Tiwana
Position: Assistant Secretary
Address: 6001 Bollinger Canyon Rd., San Ramon, CA 94583
Email: N/A

Agent Authorized to Accept Service on Behalf of Above-signed Party:

| | |
|---|---|
| Name: | Michelle Bacon |
| Title: | Senior Counsel, Chevron Law Department |
| Company: | Chevron Environmental Management Company |
| Address: | 6001 Bollinger Canyon Road San Ramon, CA 94583 |
| Phone: | 925 842 8807 |
| email: | michellebacon@chevron.com |

With a copy to:

| | |
|---|---|
| Name: | Nick Longo |
| Title: | Risk Management Specialist |
| Company: | Chevron Environmental Management Company |
| Address: | 1500 Louisiana Houston, Texas 77002 |
| Phone: | 832-854-5711 |
| email: | Nick.Longo@chevron.com |

| | |
|---|---|
| Name: | Lindsey Moorhead |
| Title: | Counsel for Chevron Environmental Management Company |
| Company: | Jackson Walker |
| Address: | 1401 McKinney, Suite 1900 Houston, TX 77010 |
| Phone: | 713-752-4465 |
| email: | lmoorhead@jw.com |

Signature Page for Consent Decree Regarding Missouri Electric Works Superfund Site

**FOR CITIZENS ELECTRIC CORPORATION:**

8-30-2023
Date

Jason Cates
Chief Executive Officer
Citizens Electric Corporation
1500 Rand Ave.
Perryville, MO 63775
jcates@cecmo.com

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): Jason Cates
Title: Chief Executive Officer
Company: Citizens Electric Corporation
Address: 1500 Rand Ave.
Perryville, MO 63775
Phone: 871 876 3511
email: jcates@cecmo.com

Signature Page for Consent Decree Regarding Missouri Electric Works Superfund Site

**FOR CITY OF CABOOL, MISSOURI:**

12-20-23
Date

Name: Danny Cannon
Title: Mayor
Company: City of Cabool
Address: PO Box 710, 618 Main Street
    Cabool, MO 65689
Email:

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): Ron Scheets
Title:    City Administrator
Company:  City of Cabool
Address:  PO Box 710, 618 Main Street
      Cabool, MO 65689
Phone:   417-962-3136
email:   rscheets@caboolmo.org

BILL NO. 1120                          ORDINANCE NO. 014-2023

**AN ORDINANCE AUTHORIZING THE MAYOR OF THE CITY OF CABOOL, MISSOURI TO EXECUTE ON BEHALF OF THE CITY OF CABOOL, MISSOURI A CONSENT DECREE REGARDING THE MISSOURI ELECTRIC WORKS SUPERFUND SITE TO WHICH THE CITY OF CABOOL, MISSOURI HAS BEEN NAMED AN ALLEGED RESPONSIBLE PARTY**

> **WHEREAS,** the City of Cabool, Missouri is a party to the Missouri Electric Donor Trust Group ("Donor Trust"), which was formed in the 1990's to represent the interests of alleged responsible parties involving the alleged release or threatened release of hazardous substances at the Missouri Electric Works Superfund Site in Cape Girardeau, Cape Girardeau County, Missouri;

> **WHEREAS,** after 25 plus years of negotiations between the Donor Trust and the United States Department of Justice a Consent Decree for the cleanup costs at such site has been negotiated;

> **WHEREAS,** such negotiated Consent Decree resolves all claims against the parties to the Donor Trust by the United States Department of Justice, Environmental Protection Agency, and Missouri Department of Natural Resources;

> **WHEREAS,** the City of Cabool will not be making any payments under such Consent Decree as the payments set out in the Consent Decree are covered by insurance;

> **WHEREAS,** the City of Cabool is desirous of entering into such Consent Decree;

> **WHEREAS,** such Consent Decree is attached hereto this ordinance and incorporated herein by reference as if fully set out herein.

**NOW, THEREFORE, BE IT ORDAINED BY THE BOARD OF ALDERMEN OF THE CITY OF CABOOL, MISSOURI AS FOLLOWS:**

**Section 1.**     The Board of Alderman hereby authorizes the Mayor of the City of Cabool, Missouri to execute on behalf of the City of Cabool, Missouri the Consent Decree that is also attached to this Ordinance.

**Section 2.**     Severability. The Sections, paragraphs, sentences, clauses and phrases of this ordinance shall be severable. In the event that any such section, paragraph, sentence, clause, or phrase of this ordinance is found by a court of competent jurisdiction to be invalid, the remaining portions of this ordinance are valid, unless the court finds the valid portions of this ordinance are so essential to and inseparably connected with and dependent upon the void portion that it cannot be presumed that the City has enacted the valid portions without the void ones, or unless the court finds that the valid portions, standing alone, are incomplete and are incapable of being executed in accordance with the legislative intent.

**Section 3:**     Governing Law. This ordinance shall be governed exclusively by and construed in accordance with the applicable laws of the State of Missouri.

**Section 4:**     This ordinance shall be in full force and effect on and after its approval by the Board of Aldermen.

**APPROVED BY THE BOARD OF ALDERMEN AT THE REGULAR MEETING ON DECEMBER 18, 2023.**

Danny Cannon, Mayor

**ATTEST:**

Kim Elliot, City Clerk

BILL NO._____                              ORDINANCE NO. *23-30*

AN ORDINANCE AUTHORIZING THE MAYOR OF THE CITY OF
FREDERICKTOWN, MISSOURI, TO EXECUTE A CONSENT TO ENTRY OF A
CONSENT DECREE APPROVING AN AGREEMENT BY AND BETWEEN THE
CITY OF FREDERICKTOWN AND THE UNITED STATES OF AMERICA AND
THE STATE OF MISSOURI RELATIVE TO CLAIMS IN CONNECTION WITH
THE THREATENED RELEASE OF HAZARDOUS SUBSTANCES AT THE
MISSOURI ELECTRIC WORKS SUPERFUND SITE IN CAPE GIRARDEAU,
MISSOURI; FURTHER SAID ORDINANCE SHALL AUTHORIZE AND DIRECT
THE CITY CLERK TO ATTEST THE SIGNATURE OF THE MAYOR.

WHEREAS, the residents of the City of Fredericktown are in need of final resolution of the
ongoing litigation surrounding claims of release and threatened release of hazardous substances at
the Missouri Electric Works Superfund Site in Cape Girardeau, Missouri; and

WHEREAS, the City has participated in a group established Trust which retained counsel to
respond to the claims raised relating to the allegations of threatened release of hazardous substances
at the Missouri Electric Works Superfund Site in Cape Girardeau, Missouri; and

WHEREAS, Counsel for the Missouri Electric Works Site Donor Trust has negotiated a final
resolution with the United States of America and the State of Missouri regarding the cleanup efforts
that began during or about 1990; and

WHEREAS, the Mayor and Board of Aldermen of the City of Fredericktown, Missouri, have
heretofore reviewed the Consent Decree marked Exhibit "A", attached hereto, and incorporated
herein as if fully set forth; and

WHEREAS, the Mayor and Board of Aldermen of the City of Fredericktown, Missouri, deem
it advisable to consent to entry of said Consent Agreement;

NOW, THEREFORE, BE IT ORDAINED BY THE MAYOR AND BOARD OF
ALDERMEN OF THE CITY OF FREDERICKTOWN, MISSOURI, AS FOLLOWS:

Section 1. That the Mayor and Board of Aldermen for the City of Fredericktown, Missouri,
approve the Consent Decree marked Exhibit "A", which is attached hereto and incorporated herein as
if fully set forth, between the City of Fredericktown (as one of the Defendants) and the United States
of America including the U.S. Department of Justice Environment and Natural Resources Division
and the U.S. Environmental Protection Agency, and the State of Missouri including the Missouri
Department of Natural Resources (as Plaintiffs) for the purposes set forth hereinabove together with

1

such changes therein as shall be approved by the officers of the City executing same which are consistent with the provisions and intent of this legislation and necessary, desirable, convenient or proper in order to carry out the matters herein authorized. It is the belief of the Mayor and Board of Aldermen that it is in the best interest of the citizens of the City of Fredericktown, Missouri, that the City enter into said Consent Decree.

Section 2. That the Mayor, and other appropriate City officials, are hereby authorized to execute the Consent Decree in substantially the form as Exhibit A for and on behalf of the City of Fredericktown, Missouri and such additional documents and take any and all actions necessary, desirable, convenient or prudent in order to carry out the intent of this legislation.

Section 3. That the City Clerk of the City of Fredericktown is hereby authorized and directed to attest to the signature of the Mayor on the said agreement.

Section 4. If any section, subsection, sentence, clause or phrase or portion of this Ordinance is, for any reason, held invalid or unconstitutional by any Court of competent jurisdiction, such portion shall be deemed a separate, distinct and independent provision and such holding shall not affect the validity of the remaining portions thereof.

Section 5. This Ordinance shall take effect and be in force from and after its passage by the Board of Aldermen and approval according to law.

THIS ORDINANCE having been read by title only this 25th day of September, 2023, the Board of Aldermen voted as follows:

| | | | |
|---|---|---|---|
| Long | *aye* | Brown | *aye* |
| Polete | *aye* | Miller | *aye* |
| Jones | *aye* | Shankle | *aye* |

THIS ORDINANCE having been read by title only the second time on this 25th day of September, 2023, the Board of Aldermen voted as follows:

| | | | |
|---|---|---|---|
| Long | *aye* | Brown | *aye* |
| Polete | *aye* | Miller | *aye* |
| Jones | *aye* | Shankle | *aye* |

2

PASSED AND APPROVED this 25th day of September, 2023, by _____ ayes, _____ nays, _____ abstentions and _____ absentees.

CITY OF FREDERICKTOWN, MISSOURI

By: _____

Travis Parker, Mayor

ATTEST:

Theresa Harbison, City Clerk

3

Signature Page for Consent Decree Regarding Missouri Electric Works Superfund Site

**FOR CITY OF FREDERICKTOWN, MISSOURI**
**d/b/a FREDERICKTOWN CITY LIGHT & POWER:**

By: _____

_____
Date

Travis Parker, Mayor
124 W. Main
P. O. Box 549
Fredericktown, MO 63645
573-783-3683
mayor@fredericktownmo.org

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print):  Mary Eftink Boner
Title:              City Attorney
Company:      Mary Eftink Boner, LC
Address:        608 W. Main
                     P. O. Box 310
                     Jackson, Missouri 63755
Phone:          573-243-9896
email:            meb@608main.com

BILL NO. 23-76                                    ORDINANCE NO. 23-74

**AN ORDINANCE AUTHORIZING THE MAYOR OF THE CITY OF JACKSON, MISSOURI, TO EXECUTE A CONSENT DECREE BY AND BETWEEN THE CITY OF JACKSON, MISSOURI, AND THE *ENVIRONMENTAL PROTECTION AGENCY AND THE MISSOURI DEPARTMENT OF NATURAL RESOURCES,* RELATIVE TO THE *CLAIM INVOLVING MISSOURI ELECTRIC WORKS*; FURTHER SAID ORDINANCE SHALL AUTHORIZE AND DIRECT THE CITY CLERK TO ATTEST THE SIGNATURE OF THE MAYOR.**

WHEREAS, the Mayor and Board of Aldermen have been presented a consent decree marked Exhibit A and attached hereto and incorporated herein as if fully set forth; and

WHEREAS, the Mayor and Board of Aldermen of the City of Jackson, Missouri, deem it advisable to execute said consent decree.

NOW, THEREFORE, BE IT ORDAINED BY THE MAYOR AND BOARD OF ALDERMEN OF THE CITY OF JACKSON, MISSOURI, AS FOLLOW:

Section 1.  That the Mayor and Board of Aldermen of the City of Jackson, Missouri, approve the consent decree marked Exhibit A and attached hereto and incorporated herein as if fully set forth between the City of Jackson, a municipal corporation, and the **Environmental Protection Agency and the Missouri Department of Natural Resources.**  It is the belief of the Mayor and Board of Aldermen that it is in the best interest of the citizens of the City of Jackson, Missouri, that the City executes said consent decree.

Section 2.  That the Mayor is hereby authorized and directed to execute said consent decree for and on behalf of the City of Jackson, Missouri.

Section 3.  That the City Clerk of the City of Jackson is hereby authorized and directed to attest to the signature of the Mayor on the attached consent decree.

Section 4.  If any section, subsection, sentence, clause, phrase or portion of this Ordinance is, for any reason, held invalid or unconstitutional by any court of competent jurisdiction, such portion

2

shall be deemed a separate, distinct and independent provision and such holding shall not affect the validity of the remaining portions hereof.

Section 5.  That this Ordinance shall take effect and be in force from and after its passage and approval.

FIRST READING:  September 18, 2023.

SECOND READING:  September 18, 2023.

PASSED AND APPROVED this 18th day of September, 2023, by a vote of 6 ayes, 0 nays, 0 abstentions and 2 absent.

(SEAL)

ATTEST:

CITY OF JACKSON, MISSOURI

BY: _____
                              Mayor

_____
City Clerk

Signature Page for Consent Decree Regarding Missouri Electric Works Superfund Site



(SEAL)

CITY OF JACKSON, MISSOURI

BY: _____
    Mayor

ATTEST:

_____
City Clerk

Agent Authorized to Accept Service on Behalf of Above-signed Party:

|  |  |
|---|---|
| Name (print): | Liza Walker |
| Title: | City Clerk |
| Company: | City of Jackson, MO |
| Address: | 101 Court St. |
|  | Jackson, MO 63755 |
| Phone: | 573-243-3568 x2020 |
| Email: | lwalker@jacksonmo.org |

Signature Page for Consent Decree Regarding Missouri Electric Works Superfund Site

**FOR EEMSCO:**

8/29/23
Date

_Thomas J Mathias_

Thomas J. Mathias
President
EEMSCO
600 W. Eichel Ave.
Evansville, IN 47710
tmathias@eemsco.com

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): Thomas Mathias
Title: President
Company: EEMSCO
Address: 600 W. Eichel Ave.
Evansville, IN 47710
Phone: 812-426-2224
email: tmathias@eemsco.com

Signature Page for Consent Decree Regarding Missouri Electric Works Superfund Site

**FOR E.I. du Pont de Nemours and Company (now known as EDIP, Inc.; which has assigned this site to The Chemours Company):**

10-24-2023
Date

Thomas A. Warnock
EIDP, Inc.
974 Centre Road, Building 735
Wilmington, DE 19805
thomas.a.warnock@corteva.com

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Company:    The Corporation Trust Company
Address:    1209 Orange Street
            Corporation Trust Center
            Wilmington, DE 19801
Phone:      800-677-3394
email:      wolterskluwer.com/en/solutions/ct-corporation

Signature Page for Consent Decree Regarding Missouri Electric Works Superfund Site

**FOR FLORIDA POWER CORPORATION n/k/a DUKE ENERGY FLORIDA, LLC:**

8/31/23
Date

Jessica Bednarcik
SVP, EHS & CCP
Duke Energy

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print):  Sarah Santos
Title:             Associate General Counsel
Company:      Duke Energy
Address:       525 S. Tryon Street
                    Mail Code DEP-09A
                    Charlotte, NC 28202
Phone:          (980) 373-6211
Email:           Sarah.Santos@Duke-Energy.com

Signature Page for Consent Decree Regarding Missouri Electric Works Superfund Site

**FOR FREEMAN UNITED COAL MINING CO.:**

11/13/2023
Date

Gregory S. Galloupoulos, Esq.
Manager
General Dynamics Corporation
11011 Sunset Hills Road
Reston, VA 20190
ggalloupoulos@generaldynamics.com

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print):  Anne S. Kenney
Title:          Counsel
Company:        Jenner & Block LLP
Address:        353 N. Clark Street
                Chicago, IL 60654
Phone:          312-840-8676
email:          akenney@jenner.com

Signature Page for Consent Decree Regarding Missouri Electric Works Superfund Site

**FOR FRONTIER COMMUNICATIONS PARENT, INC.:**

_9/13.2023_
Date

Mark Nielsen
Chief Legal & Regulatory Officer
Frontier Communications Parent, Inc.
Norwalk, CT
mark.nielsen@ftr.com

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print):  John S. Hahn
Title:              Senior Counsel
Company:      Mayer Brown LLP
Address:        1999 K Street NW
                      Washington, DC  20006
Phone:          202-263-3346
email:           jhahn@mayerbrown.com

Signature Page for Consent Decree Regarding Missouri Electric Works Superfund Site

**FOR HANCOCK RURAL TELEPHONE CORPORATION D/B/A NINESTAR CONNECT (f/k/a HANCOCK RURAL ELECTRIC MEMBERSHIP CORPORATION:**

10/26/2023

Date

Michael R. Burrow
President & CEO
2243 E Main Street
Greenfield, IN 46140
mburrow@ninestarconnect.com

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): James Buddenbaum
Title: Partner
Company: Parr Richey Frandensen Patterson Kruse, LLP
Address: 251 N. Illinois St., Suite 1800
Indianapolis, Indiana 46204
Phone: 317-269-2500
email: jbuddenbaum@parrlaw.com

7127043

Signature Page for Consent Decree Regarding Missouri Electric Works Superfund Site

**FOR FARMERS ELECTRIC CO-OP:**

8/31/2023

Date

Mike Sanders

Mike Sanders
Manager
201 W. Business Highway 36
Chillicothe, MO  64601

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): DANA J. MACOUBRIE
Title: Attorney
Company: CMC LLC
Address: 515 Washington St
Chillicothe MO 64601
Phone: 660-646-4522
email: danamacoubrie@yahoo.com

Signature Page for Consent Decree Regarding Missouri Electric Works Superfund Site

**FOR KAGMO ELECTRIC:**

10/13/23
Date

Michael Rinker
Chief Executive Officer
Kagmo Electric
2351 Rust Ave.
Cape Girardeau, MO 63703
mdr@kagmo.com

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): Michael Rinker
Title: CEO
Company: Kagmo Electric
Address: 2351 Rust Ave.
Cape Girardeau, MO 63703
Phone:
email: mdr@kagmo.com

Signature Page for Consent Decree Regarding Missouri Electric Works Superfund Site

**FOR THE BOC GROUP, INC.:**

2/2/2024
Date

Elizabeth N. Leaderman
Asst. Gen. Counsel, Environmental and Safety
Linde Inc.
10 Riverview Drive
Danbury, CT 06810

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print):  Sanaa Almarayati
Title:         Manager Legal Services
Company:       Linde Inc.
Address:       10 Riverview Drive
               Danbury, CT 06810
Phone:         (203)837-2046
email:         sanaa.almarayati@linde.com

Signature Page for Consent Decree Regarding Missouri Electric Works Superfund Site

**FOR MALLINCKRODT US HOLDINGS LLC on Behalf of MALLINCKRODT GROUP INC.:**

11/21/2023
Date

Stephen Welch
Assistant Secretary
Mallinckrodt US Holdings LLC
675 James S McDonnell Blvd
Hazelwood, MO 63042
stephen.welch@mnk.com

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): Stephen Welch
Title: Assistant Secretary
Company: Mallinckrodt US Holding LLC
Address: 675 James S McDonnell Blvd
Hazelwood, MO 63042

Phone:
email: stephen.welch@mnk.com

Signature Page for Consent Decree Regarding Missouri Electric Works Superfund Site

**FOR MARATHON PETROLEUM COMPANY LP,**
*On its Own Behalf and as Successor to Marathon Oil Company*
**BY MPC INVESTMENT LLC, its General Partner**

9/28/23
Date

James R. Wilkins
Senior Vice President
539 South Main Street
Findlay, OH 45840
jrwilkins@marathonpetroleum.com



Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): Deputy General Counsel
Title:        HESS&PQ Law
Company:      Marathon Petroleum Company LP
Address:      539 South Main Street
              Findlay, OH 45840
Phone:        419-672-6553
email:        dphido@marathonpetroleum.com

Signature Page for Consent Decree Regarding Missouri Electric Works Superfund Site

**FOR MENARD ELECTRIC COOPERATIVE:**

9-26-2023

Date

Warren Goetsch
Board President
Menard Electric Cooperative
14300 IL State Hwy 97
P.O. Box 200
Petersburg, IL 62675-0200
wgoetsch@menard.com

ATTEST:

Michael Patrick
Board Secretary
Menard Electric Cooperative
14300 IL State Hwy 97
P.O. Box 200
Petersburg, IL 62675-0200
mpatrick@menard.com

9-26-23

Date

Agent Authorized to Accept Service on Behalf of Above-signed Party:

| | |
|---|---|
| Name (print): | Alisha D. Anker |
| Title: | General Manager |
| Company: | Menard Electric Cooperative |
| Address: | 14300 IL State Hwy 97 |
| | P.O. Box 200 |
| | Petersburg, IL 62675-0200 |
| Phone: | 800-872-1203 |
| Email: | aanker@menard.com |

Signature Page for Consent Decree Regarding Missouri Electric Works Superfund Site

**FOR   Mississippi Lime Company:**
[Print name of Settling Defendant]

9/18/23
Date

Name (print): AJ Henken
Title: VP of Finance and CFO
Address: 3870 South Lindbergh Blvd., Suite 200
St. Louis, MO 63127
ajhenken@mlc.com

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print):   Travis R. Kearbey
Title:          Partner
Company:        Quarles & Brady LLP
Address:        300 N. LaSalle Street
                Chicago, IL 60654-3406
Phone:          314-696-5112
email:          Travis.Kearbey@quarles.com

Signature Page for Consent Decree Regarding Missouri Electric Works Superfund Site

**FOR MJM ELECTRIC CO-OP:**

_10/12/23_
Date

Lee J. Plummer
Attorney
18300 Shipman Rd.
Carlinville, IL 62626
ljplummer@ljpattorney.com

Agent Authorized to Accept Service on Behalf of Above-signed Party:

| | |
|---|---|
| Name (print): | LEE J. PLUMMER |
| Title: | ATTORNEY |
| Company: | MJM ELECTRIC COOP |
| Address: | 18300 SHIPMAN RD |
| | CARLINVILLE, IL 62626 |
| Phone: | (618)498=5213 |
| email: | LJPLUMMER@LJPATTORNEY.COM |

Signature Page for Consent Decree Regarding Missouri Electric Works Superfund Site

**FOR NATIONAL GRID USA SERVICE COMPANY, INC., f/k/a NEW ENGLAND POWER SERVICE COMPANY:**

10/26/23
Date

William Malee
Authorized Representative
National Grid
170 Data Drive
Waltham, MA 02451
William.Malee@nationalgrid.com

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print):  Kim Herman Goslant
Title:              Assistant General Counsel
Company:      National Grid
Address:        170 Data Drive
                     Waltham, MA 02451
Phone:          (781) 290-9889
email:            Kim.Goslant@nationalgrid.com

Signature Page for Consent Decree Regarding Missouri Electric Works Superfund Site

**FOR NESTLE PURINA PETCARE AS SUCCESSOR TO RALSTON PURINA COMPANY:**

1/24/24
Date

| | |
|---|---|
| Name: | David Narkiewicz |
| Title: | Secretary and Chief Legal Officer |
| Company: | Nestlé Purina PetCare Company |
| Address: | One Checkerboard Square, St. Louis, MO 63164 |
| Email: | david.narkiewicz@purina.nestle.com |

Agent Authorized to Accept Service on Behalf of Above-signed Party:

| | |
|---|---|
| Name: | David Narkiewicz |
| Title: | Secretary and Chief Legal Officer |
| Company: | Nestlé Purina PetCare Company |
| Address: | One Checkerboard Square, St. Louis, MO 63164 |
| Email: | david.narkiewicz@purina.nestle.com |

Signature Page for Consent Decree Regarding Missouri Electric Works Superfund Site

### FOR NEW-MAC ELECTRIC COOPERATIVE:

9/15/2023

Date

Stanley M. Irsik

Stan Irsik
General Manager
P.O. Box 310
Neosho, MO 64850

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): Linda Crosby
Title: Executive Assistant
Company: New-Mac Electric Cooperative, Inc.
Address: P.O. Box 310 / 12105 Hwy 86 East
Neosho, MO 64850
Phone: (417) 451-1515
email: lcrosby@newmac.com

Signature Page for Consent Decree Regarding Missouri Electric Works Superfund Site

**FOR PEMISCOT-DUNKLIN ELECTRIC CO-OP:**

12/20/2023

Date

Name: Cheryl L. Hicks
Title   CFO
Company: Pemiscot-Dunklin Electric Cooperative
Address: PO Box 509, Hayti, MO 63851
Email: cheryl@pdec.coop

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): Cheryl L. Hicks
Title:         CFO
Company:  Pemiscot-Dunklin
Address:   PO Box 509, Hayti, MO 63851

Phone:
email:         cheryl@pdec.coop

Signature Page for Consent Decree Regarding Missouri Electric Works Superfund Site

**FOR RICHARDS ELECTRIC MOTOR CO.:**

9-21-2023
Date

Bill Dietrich
President
Richards Electric Motor Co.
2028 Quintron Way
Quincy, IL 62305
bill@richardselectricmotor.com

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): Bill Dietrich
Title: President
Company: Richards Electric Motor Co.
Address: 2028 Quintron Way
Quincy, IL 62305
Phone: 217-222-7154
email: bill@richardselectricmotor.com

Signature Page for Consent Decree Regarding Missouri Electric Works Superfund Site

**FOR SACHS ELECTRIC COMPANY d/b/a ARCHKEY SOLUTIONS:**

11/29/2023
Date

|  | |
|---|---|
| Name | Matthew K. Lodes |
| Title | SVP & CFO |
| Company | Sachs Electric Company |
| Address | 1572 Larkin Williams Rd. St. Louis, MO 63026 |
| Email | matt.lodes@archkey.com |

Agent Authorized to Accept Service on Behalf of Above-signed Party:

|  | |
|---|---|
| Name (print): | Sachs Electric Company |
| Title: | |
| Company: | c/o CSC – Lawyers Incorporating Service Co. |
| Address: | 221 Bolivar St |
| | Jefferson City, MO 65101 |
| Phone: | |
| email: | |

Signature Page for Consent Decree Regarding Missouri Electric Works Superfund Site

**FOR SIEMENS INDUSTRY, INC.:**

Name (print): RUTH GRATZKE
Title: President & CEO
Company: Siemens Industry, Inc.
Address: 100 Technology Dr.
         Alpharetta, GA 30005
email: RUTH.GRATZKE@SIEMENS.com

Name (print): Heiko Volpert
Title: EVP & CFO Siemens USA
Company: Siemens Industry Inc.
Address: 100 Technology Drive,
         Alpharetta, 30005, GA, USA
email: heiko.volpert@siemens.com

Agent Authorized to Accept Service on Behalf of Above-signed Party:

CT Corporation System
289 South Culver Street
Lawrenceville, GA 30046

Signature Page for Consent Decree Regarding Missouri Electric Works Superfund Site

**FOR SIKESTON BOARD OF MUNICIPAL UTILITIES:**

9/1/23

Date

Rick Landers
Director
Sikeston Board of Municipal Utilities
105 E Center St.
Sikeston, MO 63801
rlanders@sbmu.net

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): Joseph C. Blanton, Jr.
Title:        Attorney at Law
Company:      Blanton, Nickell, Collins,
              Douglas & Hanschen, LLC.
Address:      219 S. Kingshighway
              Sikeston, Missouri 63801
Phone:        (573) 471-1000
Email:        jblanton@blantonlaw.com

Signature Page for Consent Decree Regarding Missouri Electric Works Superfund Site

**FOR SOUTH CENTRAL INDIANA REMC d/b/a SCI REMC (f/k/a MORGAN CO. REMC):**

12/13/2023
Date

Name        James Tanneberger
Title       President and CEO
Address     300 Morton Avenue, Martinsville, IN 46151
Email       jamest@sciremc.com

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print):  James Tanneberger
Title:         President and CEO
Company:       South Central Indiana REMC
Address:       300 Morton Avenue,
               Martinsville, IN 46151
Phone:         765-516-0274
email:         jamest@sciremc.com

7127044

Signature Page for Consent Decree Regarding Missouri Electric Works Superfund Site

**FOR SOUTHERN ILLINOIS ELECTRIC CO-OP:**

9/26/23
Date

Ronald E. Osman
Attorney
Ronald E. Osman & Associates
1602 W Kimmel St.
Marion, IL 62959
rosman@marion.quitamlaw.com

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print):  David A. Johnston
Title:             Executive Vice President/General Manager
Company:     Southern Illinois Electric Cooperative
Address:       P.O. Box 100
                   7420 US Highway 52 South
Phone:         618-827-3328
email:          djohnston@siec.coop

Signature Page for Consent Decree Regarding Missouri Electric Works Superfund Site

**SPECTRUM BRANDS, INC., AS SUCCESSOR TO SALTON/TOASTMASTER:**

9/7/2023 | 4:10 PM CDT
_____                    _____
Date                                               Ehsan Zargar
                                                       Executive Vice President, General Counsel & Corporate
                                                       Secretary

Agent Authorized to Accept Service on Behalf of Above-signed Party:

| | |
|---|---|
| Name (print): | Alfred Malefatto |
| Title: | Of Counsel |
| Company: | Lewis Longman Walker |
| Address: | 360 S. Rosemary Ave, Suite 1100 |
| | West Palm Beach, FL 33401 |
| Phone: | (561) 640-0820 |
| Email: | amalefatto@llw-law.com |

Signature Page for Consent Decree Regarding Missouri Electric Works Superfund Site

**FOR THE DOE RUN RESOURCES CORPORATION (D/B/A THE DOE RUN COMPANY), AS SUCCESSOR TO ST. JOE MINERALS CORP.:**

12/1/2023
Date

Crystal A. Saling
Vice President – Law & General Counsel
The Doe Run Resources Corporation
1801 Park 270 Drive, Suite 300
Saint Louis, Missouri 63146
CSaling@doerun.com

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Company:    C T Corporation System
Address:    120 South Central Avenue
            Clayton, Missouri 63105

Signature Page for Consent Decree Regarding Missouri Electric Works Superfund Site

**FOR WAYNE WHITE COUNTIES ELECTRIC CO-OP:**

10/31/23

Date

Chris Hopfinger
President/CEO
PO Drawer E, Fairfield, Illinois 62837
chopfinger@wwcec.com

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print):   James Buddenbaum
Title:        Partner
Company:     Parr Richey Frandensen Patterson
             Kruse, LLP
Address:      251 N. Illinois Street, Suite 1800
             Indianapolis, Indiana 46204
Phone:        317-269-2500
email:        jbuddenbaum@parrlaw.com

CE

7127045

Signature Page for Consent Decree Regarding Missouri Electric Works Superfund Site

**FOR WHITEWATER VALLEY REMC (f/k/a WAYNE CO. REMC):**

11/22/2023
Date

Name: Mary Jo Thomas
Title: President & CEO
Address: P.O. Box 349, Liberty, IN 47353
Email: mjthomas@wwvremc.com

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): James Buddenbaum
Title: Partner
Company: Parr Richey Frandsen Patterson Kruse LLP
Address: 251 N. Illinois St., Suite 1800
Indianapolis, IN 46204
Phone: 317-269-2500
email: jbuddenbaum@parrlaw.com

7127047

## Appendix A:
## Map of the Missouri Electric Works Superfund Site



## Appendix B – List of Settling Defendants

Ameren Corporation, as successor to Union Electric Company and Central Illinois Public Service Company

Barry Electric Cooperative

Barton County Electric

Chevron Environmental Management Company, for itself and as Attorney-in-Fact for Chevron Mining Inc., successor to the Pittsburg & Midway Coal Mining Co., and as Attorney-in-Fact for Chevron U.S.A. Inc., successor to Chevron Chemical Company

Citizens Electric Corporation

City of Cabool, Missouri

City of Fredericktown, Missouri d/b/a Fredericktown Light & Power

City of Jackson, Missouri

E.I. du Pont Nemours and Company (n/k/a EDIP, Inc.)

EEMSCO (a/k/a Evansville Electric & Manufacturing Co., Inc.)

Farmers Electric Cooperative

Florida Power Corporation (n/k/a Duke Energy Florida, LLC)

Freeman United Coal Mining Co.

Frontier Communications Parent, Inc.

Hancock Rural Telephone Corporation d/b/a Ninestar Connect (f/k/a Hancock County REMC)

KAGMO Electric

Linde North America for The BOC Group

Mallinckrodt US Holdings LLC on behalf of Mallinckrodt Group, Inc.

Marathon Petroleum Company LP, on its own behalf and as successor to Marathon Oil Company

Menard Electric Cooperative

Mississippi Lime Company

MJM Electric Cooperative

National Grid USA Service Company (f/k/a New England Power Service Company)

Nestle Purina Petcare as successor to Ralston Purina Company

New-Mac Electric Cooperative

Pemiscot-Dunklin Electric Cooperative

Richards Electric Motor Co.

Sachs Electric Company d/b/a Archkey Solutions

Siemens Industry, Inc.

Sikeston Board of Municipal Utilities

South Central Indiana REMC d/b/a SCI REMC (f/k/a Morgan County REMC)

Southern Illinois Electric Cooperative

Spectrum Brands, Inc., as successor to Salton/Toastmaster

The Doe Run Resources Company, Inc. (d/b/a The Doe Run Company) as successor to St. Joe Minerals Corp.

Wayne-White Counties Electric Cooperative

Whitewater Valley REMC (f/k/a Wayne County REMC)